IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JESUS BILLY LAREDO NICHOLS                                            PLAINTIFF

v.                              Civil No. 4:17-cv-04037

LIEUTENANT CHRIS WOLCOTT,
Jail Administrator Sevier County Detention
Center; OFFICER DEBUCHEE;
OFFICER SUTTON; and OFFICER
ETHAN SLYDER                                                          DEFENDANTS

## ORDER

Before the Court is Plaintiff Jesus Billy Laredo Nichols' failure to obey an order of the Court. On May 26, 2017, Plaintiff filed this 42 U.S.C. § 1983 action *pro se*. (ECF No. 1). Plaintiff's application to proceed *in forma pauperis* ("IFP") was granted the same day. (ECF No. 3).

In the order granting IFP status, the Court advised Plaintiff that he was required to immediately inform the Court of any change of address and that failure to do so may result in the dismissal of this case. (ECF No. 3). On July 11, 2017, mail sent to Plaintiff at his address of record was returned with no forwarding address provided. To date, Plaintiff has not provided the Court with a good updated address. Plaintiff's last communication with the Court was on May 26, 2017, when he filed his Complaint.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

In the present case, Plaintiff has failed to comply with an order of the Court. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 13th day of October, 2017.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge